# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DEANGELO J. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-534 SRC |
| | ) | |
| DANIEL KEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff DeAngelo Williams' pro se complaint. Because plaintiff submitted his complaint jointly with another prisoner, the Court will require plaintiff to submit an amended complaint containing only his own claims. Plaintiff, who is seeking leave to proceed in forma pauperis, will also be required to submit a prison account statement. Plaintiff's failure to comply with this Court's Memorandum and Order within twenty-one (21) days will result in a dismissal of this action, without prejudice.

## Background

The complaint in this action was filed jointly by two prisoners, Oscar Garner and DeAngelo Williams. *See Garner v. Keen*, No. 4:20-CV-1690 RLW (E.D.Mo). In the complaint, plaintiffs averred that they were bringing this action pursuant to 42 U.S.C. § 1983 against Daniel Keen (Jail Administrator at St. Charles County Jail) and six John/Jane Doe corrections officials. Plaintiffs claimed that their constitutional rights and the constitutional rights of other inmates have been violated in various ways. The overall tenor of plaintiffs' complaints concerns their dissatisfaction

with the way that St. Charles County Jail has quarantined prisoners during the COVID-19 Pandemic and instituted what the plaintiffs believe to be the most up-to-date CDC guidelines.[1]

On May 5, 2021, the Court severed the original action filed in *Garner v. Keen*, No. 4:20-CV-1690 RLW (E.D.Mo), and ordered the Clerk to open the present action with the jointly-filed complaint. The two motions for appointment of counsel filed by plaintiff Williams were also transferred into the present action.

## Discussion

A review of the jointly-filed complaint shows that most of the claims contained in the complaint relate to plaintiff Garner. As he is no longer a plaintiff in this action, the Court will require plaintiff Williams to amend his complaint on a court form to ensure only his own claims are included in the complaint. Plaintiff shall include a short and plain statement indicating his grounds for the jurisdiction of this Court. Additionally, his claims should be set forth in a clear and concise manner, and he must include a demand for the relief he is seeking. *See* Fed.R.Civ.P. 8 and 10. If plaintiff is including more than one claim against the defendants, he should include his claims in separately numbered paragraphs, and limit each paragraph to a single set of circumstances. Fed.R.Civ.P.10.

Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

---

[1]There is nothing, per se, unconstitutional about being held in jail during a pandemic. The Fourteenth Amendment, as does the Eighth Amendment, forbids deliberate indifference to conditions posing "an unreasonable risk of serious damage…to future health." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). If the St. Charles County Jail is instituting quarantine measures this is strong evidence that they are indeed attempting to institute a system to prevent the spread of COVID-19. *See Cameron v. Bouchard*, 815 Fed. Appx. 978, 986 (6th Cir. 2020) (explaining that the quarantining of "any inmate exposed to COVID-19 is strong evidence that [defendants] are responding reasonably to the risk posed by the virus").

Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*  The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

As to the substance of plaintiff's pleadings: plaintiff is warned that liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). And in general, fictitious parties (John/Jane Does) may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). Thus, if plaintiff knows even a small part of the defendant's name, or some identifying information, he should take care to include such information when identifying the defendants.

Last, the Court will decline to appoint counsel to plaintiff at this time. There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous

3

allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex.  *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex.  Plaintiff's motions for appointment of counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #3 and #4] are **DENIED**.

4

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.  If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 12th day of May, 2021.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

5